UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61255-CIV-DAMIAN

ALEXEI DIAZ MENA,

      Petitioner,

v.

GARRETT J. RIPA, *et al.*,

      Respondents.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Petitioner, Alexei Diaz Mena's ("Petitioner"), Petition for a Writ of Habeas Corpus and Request for Order to Show Cause ("Petition") [ECF No. 1], filed on April 28, 2026, and Respondents' Response to Petition for Writ of Habeas Corpus [ECF No. 7], filed on May 8, 2026.

THE COURT has reviewed the Petition, the Response, and the record in this case and is otherwise fully advised. Petitioner asserts a due process challenge to his arrest and detention by immigration officials alleging, in relevant part, that his continued custody is unlawful, arbitrary, and contrary to the United States Constitution. Petitioner requests release from immigration detention and that Respondents afford him a bond hearing. *See generally* Pet. In the Response, Respondents state that in light of the Eleventh Circuit's recent decision in *Alvarez v. Warden*, No. 25-14065, __ F.4th __ (11th Cir. May 6, 2026), they do not oppose Petitioner's request for a bond hearing and have notified the Executive Office for Immigration Review that it must provide Petitioner an individualized bond hearing. *See* Resp.

A writ of habeas corpus may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

However, this Court's habeas jurisdiction is subject to Article III of the United States Constitution, which limits federal courts to resolving actual, ongoing controversies. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336 (citation omitted).

Here, because Respondents have indicated that they do not oppose the relief requested in the Petition and that they have taken steps to assure that Petitioner is afforded an individualized bond hearing, *see* Resp. at 1-2, there does not appear to be any active controversy upon which this Court may assert its jurisdiction. Accordingly, it is

**ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**. This case is **CLOSED**. Petitioner may move to reopen this case if Respondents do not provide Petitioner an individualized bond hearing.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 12th day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**